| | | | |
|---|---|---|---|
| Case No. | **CV 18-1411-DMG (PLAx)** | Date | February 27, 2018 |
| Title | *Haley O'Brian, et al. v. Ford Motor Company, et al.* | Page | 1 of 5 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On December 18, 2017, Plaintiffs, California citizens, filed in the Los Angeles County Superior Court a Complaint, which alleged, as relevant here, violations of the Song-Beverly Act, Cal. Civ. Code § 1790 *et seq.*; state law fraud claims; and violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, against Defendant Ford Motor Company ("Ford"), a Delaware citizen. [Doc. # 1-1.] The Complaint also alleged against Defendant NGP Motors, Inc. dba Sunrise Ford of North Hollywood ("NGP"), a California citizen, a state law cause of action for negligent repair. *Id.* In the Complaint, Plaintiffs sought general, special, and actual damages; rescission of the purchase contract and restitution of all monies expended, diminution in value; incidental and consequential damages, civil penalties, punitive damages, and reasonable attorney's fees. *Id.* at 32–33, Prayer for Relief. It is not clear when, if at all, Plaintiffs served Ford with the Complaint.

On January 16, 2018, Plaintiffs filed a First Amended Complaint ("FAC"), which they served on Ford on January 18, 2018. [Doc. ## 1 (Notice of Removal ("NOR")) at ¶ 22, 1-2 (FAC).] Similar to the Complaint, the FAC seeks general, special, and actual damages; rescission of the purchase contract and restitution of all monies expended, diminution in value, incidental and consequential damages, and civil penalties—but not punitive damages or reasonable attorney's fees. FAC at 32, Prayer for Relief. The FAC, unlike the Complaint, aims both the negligent repair and the CLRA causes of action against NGP. *See* FAC at ¶¶ 159–85.

At least three considerations lead the Court to conclude that removal is improper here. The Court therefore **REMANDS** the action to the Los Angeles County Superior Court, as discussed further below.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-1411-DMG (PLAx)** | Date | February 27, 2018 |
|---|---|---|---|
| Title | *Haley O'Brian, et al. v. Ford Motor Company, et al.* | Page | 2 of 5 |

# I.
# LEGAL STANDARD

Pursuant to 28 U.S.C. section 1332(a)(1), a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. An action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. 28 U.S.C. § 1441(a).

Fraudulently joined defendants are "ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). To demonstrate that the removal of an action involving a non-diverse defendant was proper, the removing party must show fraudulent joinder by "clear and convincing evidence." *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Specifically, "[t]he defendant must show that there is *no possibility* that the plaintiff could prevail on *any cause of action* it brought against the non-diverse defendant" and that "plaintiff would *not be afforded leave to amend his complaint to cure* the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (emphasis added).

Related to fraudulent joinder is the doctrine of fraudulent misjoinder. Under the Federal Rules of Civil Procedure, two or more persons may be joined in one action when, as relevant here, a plaintiff "assert[s] a right to relief arising out of the same transaction and occurrence." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (citing Fed. R. Civ. P. 20(a)). Where a plaintiff joins in the action "a resident defendant having no real connection with the controversy" between plaintiff and the nonresident defendant, the misjoinder is fraudulent. *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503 (E.D. Cal. 2008). "A defendant's 'right of removal cannot be defeated by'" such misjoinder. *Id.* In the case of fraudulent misjoinder, a district court may "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

"Federal jurisdiction [under the removal statute] must be rejected if there is *any doubt* as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992) (emphasis added).

# II.
# DISCUSSION

### A.     Amount in Controversy

Contending that the $75,000 minimum threshold is satisfied for purposes of the amount in controversy requirement in federal court, Ford argues that the FAC's sought relief, "[u]pon information and belief," is in excess of $75,000 exclusive of interest and costs. NOR at ¶ 8. Ford has not established that the amount in controversy is satisfied.

The purchase price of the vehicle at issue appears to have been $21,380. *See* Ex. 1 to FAC; Ex. 1 to Complaint. No other dollar amounts appear anywhere on either the Complaint, FAC, or exhibits attached thereto. Accordingly, based on the Plaintiffs' Prayer for Relief alone, it is not clear how the amount in controversy is satisfied. Ford has thus failed to carry its burden of establishing federal jurisdiction. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . . [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]." (final alteration in original) (quoting *Sanchez v Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996))); *Gaus*, 980 F.2d at 566–67 ("If it is unclear what amount of damages the plaintiff has sought . . ., then the defendant bears the burden of *actually proving the facts* to support jurisdiction, including the jurisdictional amount."). Ford states no facts—only its belief—to prove that at least $75,000 are at issue.[1]

Moreover, where a plaintiff initiates his case in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) ((alteration in original) quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938))). Ford has failed to rebut this presumption.

---

[1] Additionally, Plaintiffs sought almost identical relief in the Complaint, which was filed in December 2017. In fact, Plaintiffs' Complaint also seeks punitive damages, which the FAC does not include in its Prayer for Relief. Because it is not clear to the Court when Ford received service of the Complaint, if ever, the Court will not remand on this basis. Nonetheless, it appears that Ford's removal may have been untimely because, according to Ford's grounds for removal, "the case stated by the initial pleading is removable on its face," which would have triggered the first 30-day removal period under 28 U.S.C. section 1446(b). *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).

**B.**     **Fraudulent Joinder**

Second, Ford argues that Plaintiffs fraudulently joined or misjoined NGP solely in an effort to destroy diversity jurisdiction such that NGP's citizenship should be disregarded. In support of this argument, Ford states that Plaintiffs alleged only one cause of action against NGP—negligent repair—and the FAC, according to Ford, is insufficiently pled. NOR at ¶ 13.

This argument fails to satisfy the high evidentiary burden of showing fraudulent joinder. *See Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1031 (C.D. Cal. 2016) ("The removing party . . . bears a heavy burden to rebut the presumption against removal."). Ford does not make any arguments as to Plaintiffs' ability to amend the FAC to maintain this causes of action against NGP, nor does Ford assert any legal bar to the claim. Thus, Ford has not demonstrated that Plaintiffs fraudulently joined NGP for the sole purpose of destroying diversity, and NGP's citizenship will not be ignored for purposes of determining diversity jurisdiction.

Accordingly, NGP's California citizenship defeats diversity jurisdiction.

**C.**     **Fraudulent Misjoinder**

Finally, Ford contends that Plaintiffs' claims against Ford arise out of a distinct set of facts from those giving rise to the negligence claim alleged against NGP such that fraudulent misjoinder supports removal jurisdiction. While Ford is correct that the negligence-based cause of action appears to be related to a handful of repairs, separate and apart from Ford's alleged warranty obligations, the FAC alleges against NGP the cause of action under the CLRA, which relates to the purchase of the subject vehicle. To this point, Ford argues that "Plaintiff[s] erroneously identif[y] NGP" in that cause of action because "none of [their] factual allegations refer to NGP." NOR at ¶ 4 n.1.

From the face of the FAC, it is not clear whether Plaintiffs intended to bring suit against NGP only or Ford only in connection with the CLRA claim. The underlying allegations name "Ford" not "SUNRISE FORD [NGP]" as the alleged wrongdoer, while the title of the cause of action names both NGP and Ford. *See* FAC at 29. Further, Plaintiffs allege that they purchased the subject vehicle at a Ford location separate and apart from Defendant Ford, called "Advantage Ford Lincoln." *Id.* at ¶ 71. Advantage Ford Lincoln is not a defendant in the action and does not appear to be named anywhere else in the FAC, whereas Sunrise Ford—NGP—is allegedly a Ford location separate and apart from Defendant Ford where Plaintiffs took the vehicle several times for repairs. While it is not clear what typographical errors, if any, Plaintiffs' counsel made when drafting the FAC, it is possible (construing the issue in the light most favorable to

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-1411-DMG (PLAx)** | Date | February 27, 2018 |
|---|---|---|---|
| Title | *Haley O'Brian, et al. v. Ford Motor Company, et al.* | Page | 5 of 5 |

Plaintiffs) that Plaintiffs purchased the vehicle from NGP and intend to aim the CLRA claim against that party.[2] "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Because it is not clear that NGP was fraudulently misjoined, the Court will not ignore its citizenship in determining federal jurisdiction.

## II.
## CONCLUSION

In light of the foregoing, the Court **REMANDS** this action to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[2] Even if this is not the case, Ford's failure to satisfy the jurisdictional requirement mandates remand.